HEARNE v. UNITED STATES (No. 2952)[1]

[1] T. D. 42565.

United States Court of Customs Appeals, January 23, 1928

*Comstock & Washburn (J. Stuart Tompkins* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *James R. Ryan,* special attorneys, of counsel), for the United States.

[Oral argument October 6, 1927, by Mr. Tompkins and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

In the year of 1923 appellant imported pickelette, a compound used as a hardening material in the manufacture of steel. At the time of importation the question as to whether the pickelette was dutiable under paragraph 27 of the Tariff Act of 1922, as a coal-tar product, or under paragraph 5, as a chemical compound, not specially provided for, was pending before the Board of United States General Appraisers (now United States Customs Court).

Importer filed what is styled a duress entry under the provisions of section 489, and certified at the time of entry that the entered value was higher than the foreign market value and that the goods were entered under compulsion at the United States value, under paragraph 27 of the Tariff Act of 1922, pending the decision of the United States Board of General Appraisers (now United States Customs Court), and specified in such certificate that the cases then pending were entries Nos. 8908, 601, 849, and W. H. 3904, at the port of Philadelphia.

The foreign value was declared to be £374.1.3 ($1,702.47). To the foreign value he added under compulsion $4,094.03 to make the United States value.

The certificate of the importer is as follows:

We hereby certify that the entered value of the merchandise mentioned below is higher than the foreign market value and that the goods are entered under compulsion at the United States value in accordance with paragraph 27 of the tariff act of 1922, pending a decision of the Board of General Appraisers. The cases now pending are entries Nos. 8908, 2/2/23; 601, 7/11/23; 849, 7/20/23; W. H. 3904, 4/19/23, at the port of Philadelphia.

We contend that duty should be assessed on the basis of the value shown below as the foreign market value:

| Item | Invoice value | Foreign market value | Added under compulsion | Entered value |
|---|---|---|---|---|
| 4,987. 5 kilos pickelette | £374. 1. 3 | £374. 1. 3 | $4, 094. 03 | $5, 796. 50 |
| United States value | | | | 10, 445. 25 |
| Less commission | | | | 626. 72 |
| | | | | 9, 818. 53 |
| Less nondutiable charges and duty | | | | 4, 022. 03 |
| | | | | 5, 796. 50 |
| Invoice value | £374. 1. 3 = | | | 1, 702. 47 |
| Added under compulsion | | | | 4, 094. 03 |

The record in the case contains the report of the collector and the answer to the protest by the appraiser, which are as follows:

168287–G/69872

UNITED STATES CUSTOMS SERVICE,
DISTRICT No. 11, PORT OF PHILADELPHIA,
*July 10, 1926.*

BOARD OF U. S. GENERAL APPRAISERS,
  *641 Washington Street, New York, N. Y.*
I transmit herewith for decision—

| Date of entry | Date of liquidation | Importer or protestant | Protest No. | Date protest filed |
|---|---|---|---|---|
| 10/22/23 | 3/19/26 | Koons, Wilson & Co | 69872 | 5/18/26 |

The following statement relative to the rate imposed or assessment complained of is submitted:

DESCRIPTION OF MERCHANDISE AND ASSESSMENT

Pickelette held dutiable at 25% under paragraph 5, act of 1922.

REASONS AND AUTHORITY FOR ACTION

Special report of appraiser attached. Collector's action in assessing duty on U. S. value is explained in a memorandum by the chief liquidator forwarded with Protest 69858 of the same importer forwarded to the court June 12, 1926.

The entries, invoices, and official special reports covered by the protests are herewith inclosed. Entry 4816.

The requirements of section 514, part 3, tariff act of 1922, were complied with.
    Respectfully,

H. M. DAVIS, <em>Deputy Collector.</em>

ANSWER TO PROTEST

168287–G/69872

UNITED STATES CUSTOMS SERVICE,
APPRAISER'S OFFICE, PORT OF PHILADELPHIA,
*June 29, 1926.*

Protest No. 69872.
Importer: W. W. Hearne (Koons, Wilson & Co.).
Invoice No. ——.
Entry No. C 4816.
Date: 10/22/23.

The merchandise consists of pickelette identical with that which was the subject of Abstracts 50292 and 50867, in which the Board of General Appraisers held the merchandise dutiable at the rate of 25% under paragraph 5, act of 1922, as a chemical compound.

GEORGE O'BRIEN, <em>Appraiser.</em>

The printed record also contains the following, which is printed from the original papers, which papers are also found with the papers in the case:

TREASURY DEPARTMENT,
UNITED STATES CUSTOMS SERVICE,
*Philadelphia, Pa., February 2, 1925.*

JJF/HLP.

Hon. GEORGE O'BRIEN,
*U. S. Appraiser, Philadelphia, Pa.*

SIR: You are respectfully requested to report the following relative to cash entry 4816 of October 22, 1923—W. W. Hearne, steamship "Emden":

(1) The authority for advisorily classifying "pickelette" under paragraph 5 of the present tariff act instead of under paragraph 27 as entered, noting the last proviso of paragraph 28 to the effect that any article within both paragraph 5 and paragraph 27 shall be dutiable under paragraph 27.

(2) Whether you intend your appraisement upon the invoice of this entry to be on the basis of the foreign market value or the U. S. value as entered.

Respectfully,

H. K. LATHY, *Assistant Collector.*

FEBRUARY 3, 1925.

Respectfully returned with report that this merchandise does not fall within the provisions of paragraphs 27 or 28. It is composed mainly of sulphuric acid (68%) and coal-tar products (9%). The coal-tar products can not be identified as similar to any of the products named in paragraph 27.

Appraisement was made at the "importer's certified value" as noted on the summary sheet and as checked on the memo. attached to the invoice under "Foreign value."

See copy of letter addressed to the Assistant Attorney General, New York, attached hereto.

S. W. MINNICH, *Acting Appraiser.*

The collector assessed duty upon the value of $5,796.50, which was done, according to the Government's contention in this court, because of the provision of section 489 which provides that "duty shall not, however, be assessed upon an amount less than the entered value. * * *."

It is argued in the Government's brief that the appraiser appraised it at the entered value, evidently meaning that he appraised it at $5,796.50, and that the collector could not take less than the appraised value; that the goods having been passed by the appraiser as entered, a duress certificate could not be recognized until after an appeal to reappraisement had been taken.

The decision of the court below is in the following language:

These cases were submitted without evidence or argument. An examination of the record fails to disclose any reason to disturb the decision of the collector, and the protests are both overruled.

Before this court it was admitted that the lower court, in protests which were pending at the time the duress entry was made, held that the merchandise involved, pickelette, was dutiable under paragraph 5 at 25 per cent, and was, therefore, not subject to appraisement at its United States selling price under the provisions of paragraph 27. An examination of the abstract opinions of the United States

Customs Court, Nos. 50292 and 50867, discloses that the court did so hold.

It will be noted that the alleged duress entry was based upon cases "pending decision of the Board of General Appraisers." Two of these decisions have been pointed out, and an examination of them discloses to us that they were decisions upon protests in which the board held that the merchandise was properly dutiable under paragraph 5 of the Tariff Act of 1922. In the pending entries referred to in the alleged duress entry of the importer herein there was no appeal to reappraisement, but the action of the collector in assessing duty under paragraph 27, rather than under paragraph 5, was protested. These protests were before the Board of General Appraisers at the time of making the alleged duress entry and were the basis of such entry.

The applicable portion of section 489, which appellant claims as its authority for filing a duress entry, reads as follows:

Duties shall not, however, be assessed upon an amount less than the entered value, except in a case where the importer certifies at the time of entry that the entered value is higher than the value as defined in this act, and that the goods are so entered in order to meet advances by the appraiser *in similar cases then pending on appeal for reappraisement or re-reappraisement*, and the importer's contention in said pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and it shall appear that the action of the importer on entry was so taken in good faith, after due diligence and inquiry on his part, and the collector shall liquidate the entry in accordance with the final appraisement. (Italics ours.)

It will be observed there that the act reads "similar cases then pending on appeal for reappraisement or re-reappraisement." We hold that, since there were no similar cases shown to have been pending for reappraisement or re-reappraisement, there was no justifiable basis for the duress entry and that the value given by the importer in the entry, which was accepted and liquidated upon by the collector, was the proper dutiable value. In other words, an importer of merchandise can not obtain the advantage of the duress provisions of the paragraph by entering at a higher value than he claims for the goods and avoid the provisions of paragraph 489 by setting out in the entry that there are pending protest cases involving the same question.

In the instant case the importer, if he believed he was right and was willing to take the chances of additional duties, should have entered at the value he claimed warranted by paragraph 5, since unless there were similar cases in reappraisement or re-reappraisement pending he had no right to rely upon his alleged duress entry for any appraised value less than his entered value.

The judgment of the Board of General Appraisers (now United States Customs Court) is therefore *affirmed*.